UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRADLEY A. CHICOINE, et al. } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 2:17-cv-01707-RDP |
| } | |
| WELLMARK INC., et al. } | |
| } | |
| Defendants. } | |

## **MEMORANDUM OPINION**

This matter is before the court on Plaintiffs' Motion for Remand. (Doc. # 7). Shortly after Plaintiffs' Motion was filed, Defendants filed a Motion to Stay All Proceedings Pending Transfer by the Judicial Panel on Multidistrict Litigation. (Doc. # 8). Plaintiffs agreed to the Stay, but did not waive their argument that federal courts did not have subject matter jurisdiction over this case. (Doc. # 10). The case was stayed (Doc. # 13), and on October 5, 2017, it was transferred to this court for inclusion in *In re Blue Cross Blue Shield Antitrust Litigation*, MDL 2406. (Doc. # 15). Upon transfer, this court invited briefing on the Motion for Remand to address federal law as interpreted by the Eleventh Circuit Court of Appeals. (Doc. # 20). The Motion is now fully briefed. (Docs. # 23. 24, 26 and 27).

**I.      Procedural History**

This case was filed on October 5, 2015, as a class action in the District Court for Polk County, Iowa by chiropractic physicians, who are licensed in Iowa and are all citizens of Iowa. (Doc. # 1-3). Plaintiffs seek damages and other relief based upon violation of the Iowa Competition Act, Iowa Code § 553.4 (2007), and have alleged that a combination or conspiracy

in restraint of trade occurred in Iowa. (*Id.*). The purported class is limited to chiropractic physicians who are citizens of Iowa. No violation of federal law is alleged. (*Id.*).

Plaintiffs' Petition names only two defendants: Wellmark, Inc. d/b/a Wellmark Blue Cross and Blue Shield of Iowa, and Wellmark Health Plan of Iowa, Inc. ("Wellmark"). Both Defendants are Iowa corporations with principal places of business in Iowa. (Doc. # 1-3 ¶¶ 9-11). The original Petition identifies Blue Cross and Blue Shield Association ("BCBSA") as a non-party co-conspirator. (Doc. # 1-3 ¶ 12). It further identifies the (then) 38 other members of BCBSA as non-party co-conspirators. (Doc. # 1-3 ¶ 15).

On June 14, 2017, Plaintiffs filed a First Amended Petition striking their allegation that BCBSA is a is a non-party co-conspirator, as well as the allegations regarding BCBSA's agreement with the other BCBSA licensees. (Doc. # 2-1). Also on June 14, 2017, BCBSA, an Illinois corporation, filed a motion to intervene in this litigation in the Iowa District Court for Polk County, under Iowa Rules of Civil Procedure 1.407(1) and 1.407(2). The same day, the two named Iowa Defendants filed a Notice of Removal to the United States District Court, Southern District of Iowa, Central Division, pursuant to 28 U.S.C. § 1446(b)(3), invoking federal jurisdiction under the Class Action Fairness Act. 28 U.S.C.A. §1332(d). (Doc. # 1). This case was thereafter transferred to this court as a tag along by the Judicial Panel on Multidistrict Litigation. (Doc. # 15).

## II.     Standard of Review

Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It is axiomatic that this court is "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been

entrusted to them by a jurisdictional grant authorized by Congress." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 408 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).

The removing party has the burden of establishing subject matter jurisdiction over a case removed to this court. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). "That burden goes not only to the issue of federal jurisdiction, but also to questions of compliance with statutes governing the exercise of the right of removal." *Parker v. Brown*, 570 F. Supp. 640, 642 (S.D. Ohio 1983) (citations omitted). Courts strictly construe removal statutes. *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (citing *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)). "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Vestavia Hills*, 676 F.3d at 1313.

In multidistrict litigation, "on matters of procedure, the transferee court must apply federal law as interpreted by the court of the district where the transferee court sits." *Various Plaintiffs v. Various Defendants ("Oil Field Cases")*, 673 F.Supp.2d 358, 362–63 (E.D. Pa. 2009) (Robreno, J.); *see also Murphy v. F.D.I.C.*, 208 F.3d 959, 966 (11th Cir. 2000) ("uniformity does not require that transferee courts defer to the law of the transferor circuit."); *Costco Wholesale Corp. v. Johnson & Johnson Vision Care, Inc.*, 2015 WL 9987969, at *1 (M.D. Fla. Nov. 4, 2015) (in multidistrict litigation, "the law of this Circuit applies to federal claims and procedural matters.").

### III. Analysis

There are two ways for a defendant to remove a case under § 1446(b):

> The first way (formerly referred to as "first paragraph removals") [and accomplished via § 1446(b)(1)] involves civil cases where the jurisdictional

3

grounds for removal are apparent on the face of the initial pleadings. The second way (formerly referred to as "second paragraph removals") [and accomplished via § 1446(b)(3)] contemplates removal where the jurisdictional grounds later become apparent through the defendant's receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

*Jones v. Novartis Pharms. Co.*, 952 F. Supp. 2d 1277, 1281–82 (N.D. Ala. 2013) (quoting 28 U.S.C. § 1446(b)(3)).

Defendants removed this action under § 1446(b)(3), which reopens the removal period for thirty days when the defendant receives a document "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). (Doc. # 1 at 5-6). When a case is removed pursuant to § 1446(b)(3), a defendant must "unambiguously establish federal jurisdiction" from "other paper" received "from the plaintiff" (or the court, if the document is an order). *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007), *overruled on other grounds by Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *Sallee v. Ford Motor Co.*, 2014 WL 1492874, at *4–5 (M.D. Ala. Apr. 16, 2014) (discussing the procedure governing § 1446(b)(3) removals); *Exum v. State Farm Fire & Cas. Co.*, 821 F. Supp. 2d 1285, 1291–94 (M.D. Ala. 2011) (noting the tension between *Lowery's* "unambiguously establish" standard and the preponderance standard of *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996), and recognizing that *Lowery* remains good law as to "other paper" removals); *Moore v. Wal-Mart Stores E., L.P.*, 2015 WL 5813164, at *6 (M.D. Ala. 2015) ("Despite Plaintiff's protestations and the flux within the Eleventh Circuit regarding how to reconcile it with the preponderance of the evidence standard, *Lowery* has yet to be overruled or otherwise abrogated, and its 'unambiguously establish' standard applies to the case at bar.").

Importantly, Section 1446(b)(3) permits removal within thirty days after a defendant's receipt *from the plaintiff* of "other paper from which it may first be ascertained that the case is one which is or has become removable." *Simpson v. Primerica Life Ins. Co.*, 2017 WL 2857699, at *2 (M.D. Ala. May 22, 2017), *report and recommendation adopted*, 2017 WL 2838078 (M.D. Ala. June 30, 2017). In other words, under this subsection, "a case becomes removable when three conditions are present: there must be (1) 'an amended pleading, motion, order or other paper,' which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can 'first [] ascertain' that federal jurisdiction exists." *Lowery*, 483 F.3d at 1213 n.63 (quoting 28 U.S.C. § 1446(b)).

Here, the propriety of Defendants' removal turns on the applicability of the voluntary-involuntary rule. The voluntary-involuntary rule has been recognized for well over a century. *See, e.g., Whitcomb v. Smithson*, 175 U.S. 635, 638 (1900); *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918). The rule survived the codification of section 1446, and is still followed by the Eleventh Circuit. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 761 (11th Cir. 2010); *Insinga v. LaBella*, 845 F.2d 249, 252 (11th Cir. 1988). The rule provides that "only a voluntary act by the plaintiff may convert a non-removable case into a removable one." *Pretka*, 608 F.3d at 761. Thus, for example, "if [a] resident defendant [is] dismissed from the case by the voluntary act of the plaintiff, the case [becomes] removable, but if the dismissal [is] the result of either the defendant's or the court's action against the wish of the plaintiff, the case [can]not be removed." *Insinga*, 845 F.2d at 252; *see also Pretka*, 608 F.3d at 761 (explaining "that an initially non-removable case cannot be converted into a removable one by evidence of the defendant or by an order of the court.") (internal quotation marks omitted). In *Insinga*, the Eleventh Circuit recognized that the voluntary-involuntary rule serves a dual purpose: (1) ensuring the finality of

state-court proceedings and (2) promoting a plaintiff's right to choose a litigating forum. 845 F.2d at 253.

"Where courts have found that plaintiffs crossed the line into the 'voluntary' side of the voluntary-involuntary rule, the plaintiff undertook some affirmative act that was analytically similar to abandoning the claims against the defendant." *Farah v. Guardian Ins. & Annuity Co., Inc.*, 2017 WL 3261604, at *6 (S.D. Fla. Aug. 1, 2017). If a court order or a "dismissal [is] the result of either the defendant's or the court's action *against* the wish of the plaintiff, the case [cannot] be removed." *Insinga*, 845 F.2d at 252 (emphasis added). Stated in other terms, 'involuntary changes in a case do not create removability if the case as stated in the plaintiff's initial pleading was not removable." 16 James Wm. Moore et al., *Moore's Federal Practice,* § 107.30 (3d ed. 2010).

Defendants have given little attention to the voluntary-involuntary rule in their briefing on Plaintiff's Motion to Remand. Rather, they have focused their argument on their right to intervene. But even if Defendants had the right to intervene, they must still satisfy the voluntary-involuntary rule. Thus, the court turns to that question.

In *Henderson v. S. States Police Benevolent Ass'n, Inc.*, the plaintiffs filed a petition in the Chancery Court for Hamilton County, Tennessee, against the City of Chattanooga under the Tennessee Open Records Act ("TORA"), Tenn.Code Ann. § 10–7–505. 2002 WL 32060139, at *1 (E.D. Tenn. Mar. 15, 2002). The petition did not assert any federal claims, nor did it raise any federal questions; rather, it was based solely on a state law claim that plaintiffs were entitled to access to photographs of certain police officers pursuant to TORA. *Id.* A motion to intervene was subsequently filed by additional plaintiffs (whose interests were contrary to the interests of the original plaintiffs), and a proposed new pleading which raised federal questions was presented by

those seeking to intervene. *Id.*, at 2. The original plaintiffs opposed the motion to intervene and the filing of a new complaint. *Id.*, at 5. The motion to intervene was granted, and the City immediately filed a notice of removal based on the second paragraph of § 1446(b). *Id.*, at 2.

The original plaintiffs moved to remand, contending that "a complaint filed in state court which is not removable to federal court cannot later be made removable or transformed into a removable case by the unilateral actions of an intervening party or by a state court granting the motion to intervene." *Henderson*, 2002 WL 32060139 at 1. Therefore, the court considered "the voluntary-involuntary rule that applies in removal cases." *Id.*, at 5.

In finding that the removal was improper, the *Henderson* court reasoned that "the longstanding voluntary-involuntary rule is consistent with the well-pleaded complaint doctrine. The basic premise is that because a plaintiff is the master of his own complaint, involuntary changes caused by a party other than the plaintiff cannot make a case removable." *Henderson*, 2002 WL 32060139 at 5 (citing *Great No. Ry. Co. v. Alexander*, 246 U.S. 276, 281–82 (1918) and *Insinga*, 845 F.2d at 253–54 (the voluntary-involuntary rule and the well-pleaded complaint doctrine have common origins.)). The court concluded that the intervening complaint did not create a valid basis for removal because the claims asserted in that complaint were not introduced by the voluntary act of the original plaintiffs. *Id.*, at 6. "On the contrary, the original plaintiffs vigorously opposed the filing of the intervening complaint … ." *Id.* Therefore, the court held that "removal was not proper under 28 U.S.C. §§ 1441(a) and 1446(b)." *Id.*

Other courts have also considered the voluntary-involuntary rule in relation to a removal based on intervention and have held that those parties who are introduced into a case by way of intervention do not have a right to remove the case. *See, e.g.*, *Vill. of Chestnut Ridge v. Town of Ramapo*, 2008 WL 4525753, at *6 (S.D. N.Y. Sept. 30, 2008) (citing *Childs v. Valente*, 2007

WL 805820, at *l-2 (D. Vt. Mar. 15, 2007) ("Defendant's position runs counter to substantial case law holding removal may not be predicated on an intervening petition or complaint."); *Henderson*, 2002 WL 32060139, at *7 (holding that claims introduced by intervention cannot be basis for removal); *Hopkins Erecting Co., Inc. v. Briarwood Apartments of Lexington*, 517 F.Supp. 243, 250 (E.D. Ky.1981) (rejecting removal based on intervener's claims that were not pled by plaintiff)).

Defendants argue that the Eleventh Circuit's decision in *Insinga* stands for the proposition that "the so-called voluntary/involuntary rule does not categorically bar removal against a plaintiff's wishes." (Doc. # 27 at 8). The court disagrees. In *Insinga*, the case was removed from state to federal court after the time had run for an appeal of an order granting summary judgment in favor of a resident defendant based on sovereign immunity. The Eleventh Circuit held that the voluntary-involuntary rule did not apply and upheld the removal. Our Circuit reasoned that, even though the dismissal of the defendant was against the wish of the plaintiff, the voluntary-involuntary rule did not apply and the case was properly removed because the dismissal was (1) final and (2) jurisdictional, rather than on the merits. 845 F.2d at 254.

The court analogized the jurisdictional dismissal to a fraudulent joinder, which "is a well established exception to the voluntary-involuntary rule." *Insinga*, 845 F.2d at 254. The *Insinga* court further stated that, "[f]or all intents and purposes, a trial court's finding that it lacks jurisdiction over a resident defendant is akin to a finding of fraudulent joinder of that defendant in that it involves a determination by the court that the resident defendant was never properly before the court, rather than a determination that the court had jurisdiction of that defendant but that the case against him, although not frivolous, was not meritorious." *Id.*, at 254-55.

After careful review, the court finds that *Insinga* is of no help to Defendants. The Circuit's finality distinction in *Insinga* is irrelevant here because there is no finality in play at this stage of this litigation. "Absent finality, the voluntary-involuntary rule is dispositive." *Barron v. Werner Enterprises, Inc.*, 462 F. Supp. 2d 1217 (M.D. Ala. 2006). Moreover, here, there is no issue of fraudulent joinder. BCBSA seeks to intervene, rather than to dismiss a claim against it based on a lack of jurisdiction. Therefore, Defendants' reliance on *Insinga* is misplaced.

Defendants also argue that, under three decisions that are binding on this court -- *City of Waco v. U.S. Fid. & Guar. Co.*, 293 U.S. 140, 143 (1934), *Farina v. Mission Inv. Tr.,* 615 F.2d 1068, 1074–75 (5th Cir. 1980), and *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 782 (11th Cir. 2005) -- its intervention forms a proper basis for removal. Again, the court disagrees.

First, in *City of Waco*, the Supreme Court never addressed the propriety of the removal. 293 U.S. at 142-43. The Circuit Court of Appeals had dismissed the appeal, holding that no appeal lies from an order of remand. *Id.*, at 143. The Supreme Court reversed and remanded with instructions for the Circuit Court of Appeals to reinstate the appeal because the petitioner was entitled to have that court determine whether the dismissal of its cross-action against the Fidelity Company was proper. *Id.*, at 143. Thus, *City of Waco* is simply inapposite to the question presented here.

Second, Defendants' reliance on *Farina* and *Castleberry* is similarly off the mark. In *Farina*, the plaintiff served the Federal Deposit Insurance Corporation (FDIC) with a complaint because he understood that one of the defendants was in receivership, and that the FDIC was its receiver. 615 F.2d at 1071. Thereafter, the FDIC filed a Petition for Removal citing 12 U.S.C. § 1819(a).[1] *Id.* Importantly, the plaintiff made no objection to the FDIC's removal of the case

---

[1] At the time of removal (unlike at present), the fourth subparagraph of Section 1819(a) provided that "All suits of a civil nature at common law or in equity to which the Corporation shall be a party shall be deemed to arise

while the litigation was pending. *Id.* On appeal, the plaintiff did not argue that the removal was improper, and the court did not even mention the voluntary-involuntary rule. *Id.*, at 1074-75.

In *Castleberry*, the plaintiffs filed a class action against a bank in receivership and a second financial entity which had purchased their loan. 408 F.3d at 777. Plaintiffs amended their complaint to add other defendants, including Daiwa. *Id.* Daiwa filed a cross claim and joined FDIC–Corporate and FDIC–Receiver as defendants. *Id.* FDIC–Corporate and FDIC–Receiver removed the action to federal district court pursuant to 12 U.S.C. § 1819(b)(2)(B). *Id.* Plaintiffs moved to remand and argued that removal by FDIC–Corporate and FDIC–Receiver was either (1) untimely, (2) improper pursuant to 12 U.S.C. § 1819(b)(2)(D), or (3) ineffectual because Daiwa had not properly joined them as parties pursuant to Alabama law. *Id.* The district court denied the motion to remand and found that it had subject matter jurisdiction. *Id.* However, the court evaluated removal jurisdiction under Section 1819, which "includes special provisions regarding removal and jurisdiction for civil suits in which the FDIC is a party." *Id.*, at 781. Again, nowhere in its decision did the *Castleberry* court address either removal under 28 U.S.C. § 1446(b)(3), or the voluntary-involuntary rule.

Here, the Association may very well be entitled to intervene as a matter of right. But that is not dispositive of Defendants' right to remove. Plaintiffs have opposed both intervention (Doc. # 11), *and* removal (Docs. # 7, 23, and 26). Simply stated, nothing about the Association's inclusion in this case could possibly be construed as voluntary with regard to Plaintiffs. "The traditional rule is that only a voluntary act by the plaintiff may convert a non-removable case into a removable one. Thus, a defendant cannot show that a previously non-removable case 'has become removable' as a result of a document created by the defendant." *Interstate Paper, LLC v.*

---

under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy." *Farina*, 615 F.2d at 1071 n.7 (quoting 12 U.S.C. § 1819(a)).

*Flathmann*, 2016 WL 3267197, at *3 (S.D. Ga. June 10, 2016) (quoting *Pretka*, 608 F.3d at 761 (in turn quoting *Lowery*. 608 F.3d at 757))); *see also Burrowes v Swift Transp. Co., Inc*., 2010 WL 2976102 (S.D. Ala. June 29, 2010) (same). "[The Association] attempts to justify the removal of [t]his case to this [c]ourt on the basis of a document that [it] drafted. As such, the removal was not proper. Policy concerns buttress this conclusion. To hold otherwise would grant defendants inordinate power to become masters of a plaintiff's complaint." *Flathmann*, 2016 WL 3267197 at *4.

**IV.     Conclusion**

For the foregoing reasons, Defendants' removal of this action was improper under 28 U.S.C. § 1446(b)(3). Plaintiff's Motion for Remand (Doc. # 7) is due to be granted. A separate order will be entered.

DONE and ORDERED this April 9, 2018.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE